### In re DALE TRANSP. LINES, Inc.
### No. 20385.

District Court, W. D. Pennsylvania.
May 17, 1943.

Watson B. Adair, of Pittsburgh, Pa., special master.

Robert W. Pratt, Saul Chersky, and Frank Reich, all of Pittsburgh, Pa., for trustee John D. Ragan.

Arnold M. Replogle, of Pittsburgh, Pa., for Creditors Committee.

Harold L. Rothman, of Pittsburgh, Pa., for debtor.

GIBSON, District Judge.

A plan of reorganization of the Dale Transportation Lines, Inc., having been

approved by a majority of all parties interested, was in turn approved by the court. The plan consisted substantially in turning over the control of the debtor to its creditors. A voting trust was created, of which two members represented creditors and one the stockholders. These voting trustees were to supervise and control the operations of the debtor until the indebtedness was paid. The debtor was allowed to be in possession, but all stock was to be delivered to the voting trustees to be held while indebtedness existed. Notes were to be given, by the plan, to the unsecured creditors, and other indebtedness was to be paid. Provision was made in the plan for payments upon these notes.

It was provided in the plan that the voting trustees should prepare a statement of the earnings of the debtor six months from the confirmation of the plan (October 29, 1940) and every six months thereafter, and should mail such statement to unsecured creditors and stockholders.

The order of court approving the reorganization plan was dated October 29, 1940. The court had reserved jurisdiction by this order, but did not have its attention called to the affairs of the debtor until November 5, 1942, when a creditor filed a petition praying for the appointment of a trustee to take over its affairs which theretofore had been in the hands of the debtor but, theoretically, under the control of the voting trustees. Upon hearing of the petition it developed that the voting trustees had virtually abandoned control of the debtor, which was then slipping (or had slipped) into hopeless insolvency. This fact having appeared, the court appointed the trustee, as prayed.

The debtor, since relinquishment of its possession, had not filed any account, and the trustee, finding its books of account in an unsatisfactory condition, has asked the court to order it to account. As part of his petition he has asked that the voting trustees be ordered to cause such an account to be filed.

Counsel for the voting trustees appeared in opposition to the Trustee's petition for an accounting. On their behalf it was blandly asserted that they had no responsibility whatsoever to the debtor or the court under the voting trust agreement, and therefore could not be required to see that the debtor filed an account. It was further stated, however, that one B. W. Healey, then a voting trustee and in charge of the debtor as an officer, would file an account if paid for so doing.

As matters have been made to appear to it, the court is decidedly of the opinion that the voting trustees and the debtor and others connected with the reorganization have not observed due faith with it and the creditors. The supervision and control of the debtor by the voting trustees was the basis of the approval of the plan. True, the voting trust agreement, approved by all parties in interest at the time the court passed upon it, might well have been somewhat more strict in its terms. Nevertheless it does not free the voting trustees from any wilful failure to act under what was, in effect, a contract with the court and creditors to act.

The court will order the debtor, by its president, officers and directors, to file an account within thirty days, with notice of the order to John W. Brown, Jr., C. E. Lenhart and H. S. Anderson, or their respective successors as voting trustees. If the order be not obeyed, consideration will be given to a petition for attachments.