## In re EAST BOSTON COAL CO.

### No. 10032.

District Court, M. D. Pennsylvania.

Feb. 3, 1944.

Frank P. Lenahan and G. Reuling Davis, both of Wilkes Barre, Pa., for petitioners.

R. Lawrence Coughlin, of Wilkes Barre, Pa., for respondent.

WATSON, District Judge.

This matter is before the court upon the petition of two unsecured creditors of the debtor praying that the voting trustees of the debtor, as officers and directors of said company, be directed to file an accounting as to all moneys received and disbursed by them, together with a full statement of assets and liabilities, and that said trustees be removed for failure to carry out the plan of reorganization and for mismanagement.

The petition alleges inter alia that the respondents have refused upon request to give the petitioners an accounting of the affairs of the debtor or to permit petitioners to inspect the books; that respondents have failed to account to the court and have failed and refused to furnish information concerning the assets and affairs of the company; that respondents have failed and neglected to pay real estate taxes as a result of which property of the debtor has been sold at tax sale, making it impossible to carry out the plan of reorganization; that respondents have failed to liquidate accounts receivable, real estate equities, farm properties and non-essential assets, and have failed and refused to lease stripping equipment; and other similar allegations, all of which actions and failures to act are to the prejudice of petitioners and to the carrying out of the plan of reorganization.

The respondents have filed no answer to the petition but have raised the question whether this court has jurisdiction, in these proceedings, to grant the relief prayed or to grant any relief on the basis of the facts alleged.

The respondents argue that the plan of reorganization confirmed by this court on December 4, 1940, has been consummated and the court's jurisdiction over the corporation has ceased, except with respect to matters over which the jurisdiction of the court was specifically reserved in the plan. With this contention I cannot agree.

The plan of reorganization of the debtor as confirmed is designed to accomplish three main purposes: First, to settle various disputes between the company, its principal shareholder, and the Reconstruction Finance Corporation, first mortgagee; Second, to extend the maturity of the first mortgage for a period of ten years; and Third, to defer the payment of all unsecured claims until the mortgage is paid. To accomplish this purpose the plan provides that the capital stock of the company should be transferred to three persons, designated in the plan as voting trustees, to hold the same until the first mortgage is paid, and that these trustees should manage the affairs of the company. The plan provides that two of these trustees should be selected by the Reconstruction Finance Corporation and the third should be selected by the unsecured creditors, the latter with the approval of this court. "In case of the death, resignation or removal of any trustee, his successor shall be chosen in the same manner as the original voting trustees."

It is then provided: "The voting trustees shall enter into an appropriate agreement relating to their duties. Such agreement shall contain a provision that any and all persons having beneficial interest in the stock held in such trust shall in protection of their interest have as an exclusive remedy the right to petition the United States District Court now having jurisdiction over the reorganization proceedings for the removal of such trustees. Such jurisdiction shall be ancillary to the jurisdiction of such court in the reorganization proceedings but shall in no wise be deemed to continue such reorganization proceedings or otherwise keep them open beyond the date of the final decree upon consummation of the plan. The by-laws

of the East Boston Coal Company will make adequate provision to enable the voting trustees to remove the directors expeditiously."

There are various provisions in the plan relative to the liquidation of accounts receivable and other property not useful in the debtor's business, the payment of taxes, and the payment of the mortgage held by the Reconstruction Finance Corporation. In the event that the provisions relative to the payment of accrued and current taxes and relative to the payments on the mortgage are not carried out, the mortgagee is given the right to declare the mortgage in default, accelerate the maturity of the note and mortgage, and presumably proceed to foreclose its mortgage.

It is apparent from the brief statement of the plan as shown above outlined, that it is executory in its essential particulars and will not be consummated until the mortgage is paid. Until that is accomplished the respondents, or their successors, are to have complete control of the debtor's company and all unsecured creditors must stand by. The latter have no right to bring suits on their claims, reduce them to judgment and issue execution against the property of the debtor. Thus, being deprived of the ordinary remedy available to a creditor, the question is whether they may seek the protection of this court during the stand-by period. It is my opinion that they may.

■ Article XI of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 621 et seq., makes various provisions relative to confirmation and consummation of plans of reorganization. It is clear from these provisions that the Act contemplates retention of jurisdiction by the court over the debtor or its successor during the period between confirmation and consummation of the plan. Specific provisions are made for control of the court over various matters which may arise during such period and in Section 224(2) it is provided:

"Upon confirmation of a plan—

"(2) the debtor and every other corporation organized or to be organized for the purpose of carrying out the plan shall comply with the provisions of the plan and with all orders of the court relative thereto and shall take all action necessary to carry out the plan, including, in the case of a public-utility corporation, the

procuring of authorization, approval, or consent of each commission having regulatory jurisdiction over the debtor or such other corporation."

The general language requiring the debtor to "comply with the provisions of the plan and with all orders of the court relative thereto and shall take all action necessary to carry out the plan, * * *" necessarily implies retention of jurisdiction by the court for the purpose of seeing that the plan is carried out and that the rights of creditors and other parties affected by the plan are preserved.

In the present case the necessity for such jurisdiction is obvious. Unsecured creditors are deprived of their ordinary legal remedies against the debtor for a period of ten years. Whether there will be assets available for payment of these claims at the end of the ten year period will depend upon the proper management of the debtor's affairs and the carrying out of those provisions of the plan which are designed to put the debtor's affairs in order for the benefit of unsecured, as well as secured, creditors.

In a prior opinion of this court in the same matter, In re East Boston Coal Company, 47 F.Supp. 593, it was stated: "Section 224(2) of the Bankruptcy Act * * * provides that: 'The debtor and every other corporation organized or to be organized for the purpose of carrying out the plan shall comply with the provisions of the plan and with all orders of the court relative thereto and shall take all action necessary to carry out the plan,' etc. It is clear that it is contemplated by this section that the Court shall retain jurisdiction of the debtor until consummation of the plan of reorganization in order to insure that the provisions of the plan of reorganization are carried out. In re Camden Rail & Harbor Terminal Corp., D.C., 35 F.Supp. 862; Remington on Bankruptcy, Vol. 10, Sec. 4619."

In Re Dale Transp. Lines, D.C., 50 F. Supp. 91, the situation before the court was similar to that presented here and in that case the jurisdiction of the court was affirmed.

I have examined the cases relied upon by respondents and find nothing in them contrary to the conclusion reached. In those cases it was found by the court either that the matter in issue was collateral to the reorganization proceedings or that the proceedings had been fully administered and the plan consummated. Such is not the case here.

It is my conclusion that this court has jurisdiction of the petition presented and hearing on its merits should be held and,

It is so ordered: Petitioners to file surety bond in the sum of $500 as security for costs.