## In re EAST BOSTON COAL CO.

### No. 10032.

United States District Court
M. D. Pennsylvania.

Jan. 7, 1949.

Carl Carey, of Scranton, Pa., for Pringle Coal Co.

R. Lawrence Coughlin, of Wilkes Barre, Pa., for East Boston Coal Co.

Arthur A. Maguire, U. S. Atty. and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa., for Collector of Internal Revenue.

WATSON, Chief Judge.

The East Boston Coal Company, Debtor, filed a Petition for Reorganization in this Court on September 15, 1939. A plan of reorganization was proposed and duly confirmed by this Court on December 4, 1940.

In a prior opinion of this Court in the same matter, In re East Boston Coal Company, 53 F.Supp. 734, 735, it was stated: "The plan of reorganization of the debtor as confirmed is designed to accomplish three main purposes: First, to settle various disputes between the company, its principal shareholder, and the Reconstruction Finance Corporation, first mortgagee; Second, to extend the maturity of the first mortgage for a period of ten years; and Third, to defer the payment of all unsecured claims until the mortgage is paid."

According to the plan of reorganization as confirmed, the East Boston Coal Company is to distribute its gross receipts in the following order of priority: First, to operating expenses of the Company, including salaries or compensation paid voting trustees, directors, managers and other officers and employees, incidental expenses essential to carrying out the provisions of the plan and the operations of the Company as contemplated, current basic royalties, and Workmen's Compensation Claims; Second, to accrued and current taxes and unemployment contributions; Third, to Reconstruction Finance Corporation for application on its indebtedness.

In connection with the payment of accrued and current taxes, the plan of reorganization provides further: "In order that the payment of taxes, constituting a prior lien on the properties of the company, may be assured during the existence of the indebtedness to Reconstruction Finance Corporation, the Company shall enter into an agreement with Reconstruction Finance Corporation to deposit with it monthly sums of money in such amounts as may be necessary to meet the payment of such taxes when the same shall become payable."

An order of this Court on May 9, 1947, authorized the East Boston Coal Company to enter into a coal lease with Mark J. Luksic. On December 13, 1948, the Pringle Coal Company filed in this Court a Petition for Leave to Pay Royalties into Court. The Petition avers that pursuant to this Court's order of May 9, 1947, a coal lease was entered into between the East Boston Coal Company and Mark J. Luksic, providing that Luksic could form a corporation, and that a corporation known as the Prin-

gle Coal Company was organized and at present is engaged in mining coal under the lease from the East Boston Coal Company. The Petition further avers that the United States Collector of Internal Revenue served on the Pringle Coal Company Notices of Levy on November 17, 1948, under the Internal Revenue Code, 26 U.S.C.A. § 3710, whereby all moneys or property in possession of the Pringle Coal Company belonging to or owing to the East Boston Coal Company were seized and levied upon for unpaid income and excess profits taxes owing from the East Boston Coal Company for the fiscal years 1943–44 and 1944–45, and on December 27, 1948, the United States Collector of Internal Revenue served on the Pringle Coal Company Final Notice and Demand. The Petition prays that the Pringle Coal Company be allowed to pay the current and future royalties into Court subject to such disposition as the Court may deem just.

The Petitioner avers in the Petition that if all future royalties payable by Petitioner are paid to the Collector of Internal Revenue, then it may defeat the plan of reorganization and will work a forfeiture of the basic leases to the East Boston Coal Company for failure to pay the royalties on said basic coal leases of the Debtor under which your Petitioner is mining coal.

The Collector of Internal Revenue in his answer contends that this Court is without jurisdiction. The East Boston Coal Company in its answer avers that all of the moneys due for the taxes here involved were paid to the Reconstruction Finance Corporation for payment to the Collector of Internal Revenue and that sufficient money was paid to the Reconstruction Finance Corporation to pay all the said taxes in full.

■ As to the jurisdiction of this Court here, this Court has in two previous opinions filed in this case held that under Section 224(2) of the Bankruptcy Act, 11 U.S.C.A. § 624(2), this Court shall retain jurisdiction of the Debtor until consummation of the plan of reorganization in order to insure that the provisions of the plan of reorganization are carried out. In re East Boston Coal Company, D.C., 47 F.Supp. 593; In re East Boston Coal Company,

D.C., 53 F.Supp. 734. The questions arising as a result of the Petition of the Pringle Coal Company are clearly within the jurisdiction of this Court.

As to whether the taxes here involved were paid in full to the Reconstruction Finance Corporation for payment to the Collector of Internal Revenue we have only the averment of the Debtor. If these taxes were not paid, and as they now amount to a sum in excess of $50,000, then it will probably be necessary to determine that the plan cannot be consummated, in which case it will be the duty of the Court to enter an order dismissing the proceeding and directing that the bankruptcy be proceeded with. Section 236, Bankruptcy Act, 11 U.S.C.A. § 636. To determine the question as to whether the plan can be consummated will require the taking of testimony and the finding of relevant facts. In the meantime, the royalties due and to become due from the Pringle Coal Company to the East Boston Coal Company should be paid into the Registry Fund of this Court, and an appropriate injunction should issue to protect the property and assets of the Debtor pending the disposition of the question as to whether the reorganization proceeding should be dismissed and the bankruptcy be proceeded with.

An appropriate order will be filed herewith.

### ORDER

Now, January 7, 1949, it is ordered, adjudged, and decreed as follows:

1. That the Pringle Coal Company be, and it is hereby, directed to pay promptly into the Registry Fund of this Court all sums of money due and to become due to the East Boston Coal Company from it on account of coal royalties under a certain coal lease referred to in the petition of the Pringle Coal Company, filed December 13, 1948, until further order of this Court.

2. That, subject to the provisions of Paragraph 1 of this order, and pending the disposition by the Court of the question as to whether the reorganization proceeding should be dismissed and the bankruptcy proceeded with, all creditors and stockholders of the Debtor and all persons claiming or acting by, through, or under them, or any of them, and all sheriffs, marshals, and other officers and their agents and representatives, and all other parties whomsoever, are hereby severally restrained and enjoined from instituting or continuing to prosecute, without leave of this Court first had and obtained, any actions, suits or proceedings in law, in equity or under any statute against the Debtor, or against or involving any of its properties, assets, and business, or from levying or causing to be levied any attachment, execution or other process against any of said properties, assets and business, and from taking or attempting to take into their possession, any of said properties, assets and business, or from in any way interfering with the custody, possession, use and enjoyment thereof by the Debtor.

3. That the East Boston Coal Company, Debtor, show cause before Albert H. Aston, to whom this matter is referred as Referee and Special Master, on the 24th day of January, 1949, at 11:00 o'clock a. m. in the Federal Court Room, Post Office Building, Wilkes Barre, Pennsylvania, why its Petition for Reorganization should not be dismissed and an order entered directing that the bankruptcy be proceeded with; said Referee and Special Master to take such testimony as necessary, make findings of fact and conclusions of law, and report the same together with his recommendations to this Court.

4. That a true copy of this order be mailed to the East Boston Coal Company, the Collector of Internal Revenue for the 12th District of Pennsylvania, the Pringle Coal Company, the Reconstruction Finance Corporation, John C. MacCartney, and to each interested party.