Arnold SPICER, Beatrice J. Spicer, 2859 Joy Drive, Xenia, Ohio 45385, Plaintiffs,

v.

Robert W. WOODHOUSE, Sharon Woodhouse, 3331 Pebble Creek Drive, Dayton, Ohio 45432, Defendants.

**In the Matter of Robert W. WOODHOUSE, Sharon Woodhouse, Debtors.**

**Bankruptcy No. 3–81–00171. Adv. No. 3–81–0078.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Jan. 26, 1982.

Richard A. Wead, Xenia, Ohio, for plaintiffs.

Thomas Noland, Dayton, Ohio, for defendants/debtors.

George W. Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

## PRELIMINARY PROCEDURE

This case is before the Court upon a Complaint filed by Arnold Spicer and Beatrice J. Spicer vs. Robert W. Woodhouse and Sharon Woodhouse; the answer filed on November 10, 1981; fact stipulations; and, the evidence adduced at a trial on 9 November 1981.

## FINDINGS OF FACT

Defendants, Robert W. Woodhouse and Sharon Woodhouse, filed a Chapter 13 petition on 22 January 1981. The last day fixed by the Court for objections to confirmation was 12 February 1981. The hearing on confirmation was held on 17 February 1981, on which date Plaintiffs filed a Complaint objecting to the discharge and also to the confirmation of the Plan based upon alleged fraudulent transfers of assets between members of the family and the failure to disclose certain assets.

The Debtors are engaged in the business of automotive repair and the acquisition of damaged cars or trucks which they renovate for sale. At the time of filing the petition one vehicle was titled in their name, a 1979 El Camino Chevrolet. The business was conducted in the name of Bob's Automotive, which name was often used to take title on the motor vehicle certificates of title. The business was conducted primarily as a family venture in which Sharon Woodhouse, wife of Robert Woodhouse, was employed; and, also, the two sons of the Debtors were employed part time in the business.

The Plan, in general, provides that secured creditors shall be paid prorata the values of their secured claims, and shall retain their liens, and unsecured claims will be paid 100% subsequent to secured claims.

There is no question that several vehicles of nominal value, which should have been listed in the schedules of the Debtors, were omitted. One of the vehicles was a 1977 Continental Mark VI which was leased at the time of the petition. On January 26, 1981, four days after the order for relief, Sharon Woodhouse took title to the 1977 Lincoln upon completion of the lease agreement conditions. Defendants also had in possession at the time of the filing of the petition a 1967 Chevelle race car in which considerable capital had been invested, al-

though the current value is problematical and in dispute. The Plaintiff has urged a value of $5,000.00; but, Defendants testified that the vehicle is inoperable and is not even titled. A 1976 Chevrolet light utility truck was purchased by Bob's Automotive on 12 February 1980, for $700.00. A Certificate of Title was issued in the name of Bob's Automotive on 28 January 1981, and then transferred to Timothy K. Woodhouse, son of debtors, on January 28, 1981. A 1971 Chevrolet Nova was likewise transferred by Bob's Automotive to Debtors' Son Timothy K. Woodhouse, on January 16, 1981, six days prior to the filing of the petition. Furthermore, the 1977 Lincoln was sold subsequent to the filing of the petition and the proceeds from the sale of this vehicle were used for the personal use of the Debtors, including payments to the Chapter 13 Plan.

The complaint originally sought that "this Court order the Trustee to examine the acts and conduct of the Debtors to determine whether a ground exists for the denial of discharge; that the Court deny discharge of Debtors or, in the alternative, deny a confirmation of the plan." Opposition to confirmation was withdrawn at bar at the confirmation hearing, the complaint not having been filed within rule, and the adversarial action continued in all other respects.

Confirmation of the Plan was ordered at the hearing on 17 February 1981 at which time Plaintiffs had agreed to the amount of the claim, to be paid in full through the Plan.

The Plan as confirmed provides for payment of the Plaintiffs' claim in full. The Defendants testified that the vehicles transferred to the minor sons had been repaired by them and they were considered as the actual owners, although title was held in Bob's Automotive for insurance purposes.

## DECISION

In behalf of Plaintiffs it is urged that the actions of Defendants constitute both fraud and an intent on their part "to hinder, delay and defraud their creditors under 11 U.S.C. § 548(a)." Plaintiffs further urge that a confirmation order should be set aside because of violations under 11 U.S.C. § 1325(a)(3), in that the Plan was not proposed in good faith and by means forbidden by law because Debtors' actions demonstrate they intended to conceal the existence of assets and are "fraught with fraud." Setting aside the order of confirmation is not at issue, however, under the pleadings; and the order of confirmation was entered upon agreement of Plaintiffs.

In behalf of Defendants it is urged that the Plan is "in good faith," demonstrated by the fact that it provides for payment of Plaintiffs' claim in full. They further urge that acquiring and selling motor vehicles was an operation in the ordinary course of their business, and that such means constitute the only method of providing funds to the Chapter 13 Trustee to consummate the Plan as confirmed. The Defendants further urge that the creditors would receive very little or no distribution if the case were converted to administration under Chapter 7; and, that under Chapter 7, the claim of Plaintiffs would be dischargeable on the basis of the evidence presented. And, further, Defendants urge that the dischargeability sections of Chapter 7 are not applicable in Chapter 13.

The thrust of Plaintiffs' complaint now to be resolved, therefore, is the proposition that the sale or transfer of the motor vehicles listed, constituted "fraud" and that the failure to schedule a motor vehicle was an "intentional non-disclosure," also "fraudulent" and evidencing "an interest on their part to hinder, delay and defraud their creditors," not dischargeable in bankruptcy.

It is important to observe that debtors are in the business of buying and selling motor vehicles for the purpose of repairing and, restoring them for profit. From such business, the Plan is to be funded. Their sons also assist in this business. In light of the express statutory rights conferred upon such debtors by the provisions of 11 U.S.C. §§ 1303 and 1304 to conduct their business with the rights and powers of a trustee under Sections 363(b), 363(d), 363(e), and

363(f) of Title 11, the allegations of plaintiffs are problematical and illegal intent doubtful, on the evidence. These statutory provisions grant broad powers to sell property in the ordinary course of the business, which, obviously, would be subject to action for defalcations of a criminal nature or of the fiduciary relationship. The facts *sub judice* do not sustain the burden of proof for such illegal actions.

██ We do not reach the question of any violation of fiduciary duties *instanter*, however, on Plaintiffs' complaint seeking a denial of discharge, because the question of a discharge is not justiciable.

The denial of a discharge under 11 U.S.C. § 727 is not applicable in Chapter 13. 11 U.S.C. § 103(b). 11 U.S.C. § 1328(a) mandates that the court "shall grant debtor a discharge of all debts provided by the plan or disallowed under Section 502 of this title, except any debt ... provided for under Section 1322(b)(5)" [debts payable after the final payment under the Plan] ... and Section 523(a)(5) debts [alimony, support and maintenance of a spouse or child].

Since the issue is not justiciable before a conversion to a Chapter 7 administration, the complaint should be dismissed, without prejudice.

The Defendants seek attorney's fees and costs, urging that the ruling of Section 523(d) should be enforced pursuant to the power and jurisdiction of the court afforded by 11 U.S.C. § 105(a), which is similar to the All Writs Statute, 28 U.S.C. § 1651, incorporated by an amendment to 28 U.S.C. § 451. Since Section 523(d) is directed specifically to historical abuses concerning "consumer" debts, it is doubtful whether there is any relevancy to a business Chapter 13 case.

██ This Court is constrained to hold, therefore, that although there is rationale under inherent judicial powers to make an award against Plaintiffs for attorney's fees and costs, such a remedy should only follow "a blatant abuse of the judicial process and malicious interference" in the Chapter 13 case which, in effect, delay the rights and realization of distributions to creditors involved in the case. Since Plaintiffs acceded to an order of confirmation, the facts do not now support such an exception to the "American Rule." See decision by this Court in *Consumers Coal Company v. Pellett Coal Export Company (In the matter of Consumers Coal Company)*, 14 B.R. 68 (Bkrtcy.1981) for citations of case precedents and the imposition of fees and costs in a truly blatant abuse of legal process and court jurisdiction.

ORDERED, ADJUDGED AND DECREED that the Complaint of Plaintiffs should be, and is hereby dismissed without prejudice if and when the Chapter 13 case is converted to a case under Chapter 7 of U.S.C. Title 11.