## In re EAST BOSTON COAL CO.

### No. 10032.

District Court, M. D. Pennsylvania.

Dec. 1, 1942.

E. C. Marianelli, of Wilkes Barre, Pa., for petitioner, Luzerne Anthracite, Inc.

R. Lawrence Coughlin, of Wilkes Barre, Pa., for debtor.

WATSON, District Judge.

The debtor, respondent, filed a petition for reorganization in this Court on September 15, 1939. Thereafter, a plan of reorganization was proposed and confirmed by the Court. On February 15, 1938, seven months prior to the filing of the petition for reorganization, the debtor and the petitioner, Luzerne Anthracite, Inc., entered into a certain agreement of lease whereby the petitioner became the lessee of substantially all of the property of the debtor. As a result of certain contentions of the petitioner, the lease was expressly excepted from the operation of the plan of reorganization, which plan provided that "The plan of reorganization shall not alter the legal status of the Luzerne Anthracite Inc." On October 13, 1942, the petitioner filed in this Court a petition in the reorganization proceeding setting forth that the terms of the lease did not represent the true intention of the parties and praying that the lease be reformed to conform to the true intention of the parties. The petitioner represented to the Court that it would be irreparably damaged if a restraining order was not issued forthwith enjoining the debtor from enforcing the terms of the lease, and that by reason of certain undisputed claims by the petitioner against the debtor, the debtor was adequately secured against any loss which might be occasioned by the entry of the restraining order. Accordingly, a restraining order issued and a security bond was not required. The debtor, respondent here, then filed a motion to dissolve the restraining order, which motion is now before the Court for disposition.

The debtor contends, inter alia, that this Court is without jurisdiction to grant the relief requested by the Luzerne Anthracite, Inc., for the reason that the plan of reorganization in this case has been confirmed and the Court's jurisdiction is now limited to such action as may be necessary to carry out the provisions of the plan of reorganization, and that the matter now before the Court is not a matter arising under the plan of reorganization and directly connected with the carrying out of the provisions of the plan.

Section 224(2) of the Bankruptcy Act, 11 U.S.C.A. § 624(2), provides that: "The debtor and every other corporation organized or to be organized for the purpose of carrying out the plan shall comply with the provisions of the plan and with all orders of the court relative thereto and shall take all action necessary to carry out the plan," etc. It is clear that it is contemplated by this section that the Court shall retain jurisdiction of the debtor until consummation of the plan of reorganization

in order to insure that the provisions of the plan of reorganization are carried out. In re Camden Rail & Harbor Terminal Corp., D.C., 35 F.Supp. 862; Remington on Bankruptcy, Vol. 10, Sec. 4619. However, there is nothing in the Bankruptcy Act to indicate that the Court retains jurisdiction of the debtor for the purpose of disposing of any controversy which might arise between the debtor and third parties relating to matters other than the plan of reorganization itself.

■■ No case has been cited or found which supports the petitioner's contention that this Court has jurisdiction of the controversy now under consideration. Nor is there any provision in the Bankruptcy Act which would indicate that the framers of the Act contemplated the retention of such jurisdiction. I am of the opinion, therefore, that the motion of the debtor to dissolve the restraining order must be granted. However, in view of the fact that the petition reveals on its face that the controversy is not one which arises under the provisions of the plan of reorganization, and, as I have stated, that this Court is without jurisdiction to determine the matter therein referred to, I will dismiss the petition at this time rather than delay the final determination of the matter until a further hearing is had.

It is ordered that the petition of Luzerne Anthracite, Inc., filed October 13, 1942, be, and it is hereby, dismissed, and the restraining order granted pursuant thereto be, and it is hereby, vacated and dissolved.