**In re J. T. GERKEN TRUCKING, INC., Debtor.**

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, Plaintiff,**

v.

**J. T. GERKEN TRUCKING, INC., Defendant.**

**Bankruptcy No. B78–276.**

United States Bankruptcy Court, N. D. Ohio, Western Division.

April 1, 1981.

Jeffrey Julius, Gallon, Kalniz & Iorio Co., L.P.A., Toledo, Ohio, for plaintiff.

George E. Ferstle, Toledo, Ohio, for debtor.

## MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard upon Plaintiff's Motion for Preliminary Injunction. Plaintiff seeks to enjoin the Defendant Gerken from selling, leasing or transferring any of its assets or property, and from making any payments under the Defendant's confirmed plan of arrangement to any class of creditor therein until its post confirmation claim is first satisfied. Defendant objected to the Court's jurisdiction over Plaintiff's motion and complaint.

## FACTS

Some background is essential before reviewing the evidence presented at the hearing. Defendant filed a Chapter XI Petition on March 27, 1978. The plan of arrangement filed on February 14, 1979, was confirmed on September 24, 1979. The Plain-

tiff is a creditor under the plan and the pre-petition debt owed to it is currently being disposed of through the plan of arrangement. Article III section 3.2 of the plan adopted all existing contracts including a collective bargaining agreement with the employee's union which became effective July 1, 1979. By the terms of that agreement, Gerken is obligated to make contributions to the Plaintiff for the employee's pension fund.

The evidence presented by the Plaintiff showed that Gerken has breached the collective bargaining agreement by its failure to make payments to the Plaintiff. Although the parties disagree as to the exact dollar amount of Gerken's default, they concur that it exceeds $12,000.00. Gerken has not made a payment to the Plaintiff since March of 1980, and is behind in its obligation dating sometime back to after the date of confirmation.

Plaintiff contends that because Gerken adopted the collective bargaining agreement in its plan, the subsequent breach of that agreement constitutes a default of the provisions of the plan. Because of that default, the Court has jurisdiction over the surrounding controversy.

## ISSUE

The issue presented is whether or not the Court has jurisdiction over a controversy arising from the post confirmation breach of a contract adopted by the Defendant in its plan of arrangement.

## DISCUSSION

■ Defendant's breach of the collective bargaining agreement does not involve a matter concerning the Defendant's plan. At issue are the unpaid obligations which arose after confirmation of the plan. Affirmation of the agreement in the plan does not confer jurisdiction upon the Court over post confirmation controversies. A confirming court's jurisdiction is limited to matters concerning the operation of the plan. The 2d Circuit in *North American Car Corporation v. Peerless Weighing and Vending Machine Corp.*, 143 F.2d 938 (2d Cir. 1944) at 940 stated;

"We have had occasion before to deplore the tendency of District Courts to keep reorganized concerns in tutelage indefinitely by orders purporting to retain jurisdiction for a variety of purposes, extending from complete supervision of the new business to modifications of detail in the reorganization. Since the purpose of reorganization clearly is to rehabilitate the business and start it off on a new and to-be-hoped-for more successful career, it should be the objective of courts to cast off as quickly as possible all leading strings which may limit and hamper its activities and throw doubt upon its responsibility. It is not consonant with the purposes of the Act, or feasible as a judicial function, for the courts to assume to supervise a business somewhat indefinitely. Nevertheless the court must retain some jurisdiction after confirmation of a plan to see that it is consummated. We have, therefore, pointed out the existence of such complementary and auxiliary jurisdiction of the court to protect its original confirmation decree, prevent interference with the execution of the plan, and otherwise aid in its operation."

After a plan is confirmed the debtor must be allowed to conduct its business, which obviously will entail entering into contracts, purchasing goods, paying bills and so on. In discussing the degree of jurisdiction retained in a Chapter X proceeding 6A *Collier on Bankruptcy* § 11.13, at 280 (14th ed. 1977) states;

"Section 224(2), however, does not contemplate that jurisdiction is to be retained in the reorganization court over collateral issues, or for complete control of the debtor or its successor indefinitely for the purpose of passing upon the business activities of the rehabilitated enterprise or upon other matters or controversies not related to the plan itself. And it is outside the power of the reorganization court to reserve jurisdiction beyond what is requisite to effectuate the reorganization plan. The reason for this is clear enough. After confirmation, general ju-

dicial control of the business 'becomes superfluous, and, indeed, may well be a hindrance to ... dealings with third parties.'" (footnotes omitted)

The text on Chapter XI arrangements in 9 *Collier on Bankruptcy*, § 9.29 (14th ed. 1977) comments on the subject of retained jurisdiction, at 377 stating;

"Even apart from § 367(4), it does not seem that it was intended that where jurisdiction is retained the court should continue to have all the jurisdiction which it possessed before confirmation. That result would mean, even if title to the assets had revested in the debtor, that the operation of the business would still be subject to the control of the court, that the debtor would require authority of the court to lease or sell his property, *that new creditors could petition the court to direct the debtor to pay their claims*, and that in general the debtor's estate would be administered the same as it is prior to confirmation. It is not likely that such a result could have been intended after confirmation." (footnotes omitted, emphasis supplied)

The case of *In Re East Boston Coal Co.*, 47 F.Supp. 593 (M.D.Pa.1942) dealt with a controversy involving a lease entered into seven months prior to the debtor's filing its Chapter X petition. The lease was adopted by the debtor in its confirmed plan. Four years after confirmation the lessee petitioned the District Court sitting in bankruptcy for a restraining order and for reformation of the lease. In granting the debtor's motion to dissolve the restraining order, and also dismissing the petition for reformation, the Court ruled it did not have jurisdiction over the matter. In so holding the Court at 593 stated;

"Section 224(2) of the Bankruptcy Act, 11 U.S.C.A. § 624(2), provides that: 'The debtor and every other corporation organized or to be organized for the purpose of carrying out the plan shall comply with the provisions of the plan and with all orders of the court relative thereto and shall take all action necessary to carry out the plan,' etc. It is clear that it

is contemplated by this section that the Court shall retain jurisdiction of the debtor until consummation of the plan of reorganization in order to insure that the provisions of the plan of reorganization are carried out. *However, there is nothing in the Bankruptcy Act to indicate that the Court retains jurisdiction of the debtor for the purpose of disposing of any controversy which might arise between the debtor and third parties relating to matters other than the plan of reorganization itself.*" (citations omitted, emphasis supplied)

Two cases are relied on by the Plaintiff, *In re Pittsburgh Terminal Coal Corp.*, 183 F.2d 520 (3d Cir. 1950) and *North American Car Corporation v. Peerless Weighing and Vending Machine Corp.*, 143 F.2d 938 (2d Cir. 1944). Neither of these cases is directly on point and therefore are distinguishable. The *North American Car* case involved a motion to modify a plan of arrangement which would have granted a creditor an extension of time in which to file its claim. The *Pittsburgh Coal* case concerned the question of whether or not the court had jurisdiction to grant to the trustee a preliminary injunction so that an investigation could be undertaken "for the limited object of determining whether the terms, provisions, intent, and purpose of the plan were being and had been complied with," *In Re Pittsburgh Terminal Coal Corp.*, 183 F.2d 520, 522 (3d Cir. 1950). Both cases dealt with a dispute arising under and concerning a plan of arrangement.

The breach of the collective bargaining agreement is a matter arising outside the plan of arrangement over which the Court has no jurisdiction. Adoption of the agreement in the plan does not result in the Court's retaining jurisdiction over post confirmation controversies relating to that agreement. In fact it is not even necessary that the debtor take affirmative action to adopt existing contracts in its plan. Although, "Rejection of executory contracts under Chapter XI ... must be by affirmative action. Contracts which are not affirmatively rejected remain in full effect."

*Federals Inc. v. Edmonton Investment Co.,* 404 F.Supp. 68, 71 (E.D.Mich.1975), *aff'd* 555 F.2d 577 (6th Cir. 1977).

For the foregoing reasons, the Court finds that it lacks jurisdiction over Plaintiff's Motion for Preliminary Injunction and Complaint and that the motion and complaint should be dismissed. It is therefore,

ORDERED that Plaintiff's Motion for Preliminary Injunction and Complaint be, and they hereby are, dismissed.