**In re HUDSON FEATHER & DOWN PRODUCTS, INC., Debtor and Debtor-in-Possession.**

**HUDSON FEATHER & DOWN PRODUCTS, INC., Plaintiff,**

v.

**ATLAS FEATHER CORP. and Hillsboro Sleep Products, Inc., Defendants.**

Bankruptcy No. 78 B 2744 (CHG).

Adv. No. 78 B 2744 (CHG).

United States Bankruptcy Court, E.D. New York.

Nov. 30, 1982.

Finkel, Goldstein & Berzow, New York City, for plaintiff-debtor and debtor-in-possession; Harold S. Berzow, New York City, of counsel.

Bailey & Marshall, New York City, for defendant Atlas Feather Corp., Mitchell M. Bailey, New York City, of counsel.

Ferziger, Wohl, Finkelstein & Rothman, New York City, for defendant Hillsboro Sleep Products, Inc.; Bernard Rothman, New York City, of counsel.

### OPINION and ORDER

CECELIA H. GOETZ, Bankruptcy Judge:

More than three years after this adversary proceeding was initiated on August 31, 1979, the defendant, Atlas Feather Corp. ("Atlas"), is moving to dismiss for lack of subject matter jurisdiction. The motion is stated to be made pursuant to Rule 12 of the Federal Rules of Civil Procedure, the

substance of which is made applicable to bankruptcy proceedings by Bankruptcy Rule 712. Atlas seeks to dismiss the present proceeding on the ground that this Court lost jurisdiction when Hudson's Chapter XI plan was confirmed. Because this proceeding was initiated on November 6, 1978, it is controlled by the Bankruptcy Act, not by the Code which has replaced it.

When this adversary proceeding was filed, Hudson was operating as a debtor-in-possession under Chapter XI of the Bankruptcy Act of 1898, as amended. Hudson is a seller of feather and down; Atlas is one of its competitors. According to the complaint, the defendant, Hillsboro Sleep Products, Inc. ("Hillsboro"), breached a contract with Hudson to purchase substantial quantities of down and did so as the result of an unlawful conspiracy between Hillsboro and Atlas. The complaint alleged that the agreement which Hillsboro was breaching had "become an integral part of the plaintiff's rehabilitory efforts to confirm these Chapter XI proceedings." (Complaint, ¶ 10.) Plaintiff requested specific performance of its agreement with Hillsboro and sought compensatory and punitive damages from both defendants.

Hillsboro pleaded as a defense both lack of jurisdiction over the subject matter of the action, and over its person. On plaintiff's motion, both defenses were struck, for reasons stated in an opinion dated May 20, 1982. In brief, the Court held that Hillsboro, by filing a voluntary counterclaim in this proceeding and a claim against the estate incorporating its affirmative defense to Hillsboro's complaint, had consented to the jurisdiction of the bankruptcy Court.

Atlas did not object to the jurisdiction of this Court, either by motion or answer. It pleaded, in effect, a general denial. Since joinder of issue, Atlas has actively participated in the proceedings to this point in time.

On April 6, 1981, Hudson's plan of arrangement was confirmed. That plan called for the distribution of a flat sum, $250,000, to all general unsecured creditors. Any recovery by Hudson in this lawsuit will not change what general unsecured creditors receive. However, both in the plan, and in the order confirming the plan, this Court retained jurisdiction "with respect to any adversary proceeding(s) pending at the time of confirmation." Atlas filed no objection at the time to this retention of jurisdiction.

According to the moving papers, Hillsboro is now itself in bankruptcy, leaving Atlas as the only active litigant. The contract lying at the heart of the present dispute has passed into history. All that is left is a tort action by Hudson, no longer a Chapter XI debtor, against Atlas for interference with a contractual relationship. Whatever the outcome of that lawsuit, the proceedings in the bankruptcy court cannot be affected. In the circumstances, a forum other than the bankruptcy court might be more appropriate. But Hudson vigorously opposes dismissal of this long-pending proceeding. Hudson does not want to be compelled to start afresh in another court. Hudson insists, and rightly so, that this Court had, and continues to have, jurisdiction, and it wishes the Court to retain the matter here.

█ It is well-settled that, under the Bankruptcy Act, parties, by consent, could confer jurisdiction on the bankruptcy court to hear matters that would otherwise have to be tried in a plenary suit. *MacDonald v. Plymouth County Trust Co.*, 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093 (1932); *Law Research Service, Inc. v. Crook*, 524 F.2d 301, 312–13 (2d Cir.1975).[1] Consent would even confer jurisdiction where without consent only a state court could have acted. *In re Prima Co.*, 98 F.2d 952, 959 (7th Cir. 1938), *cert. denied sub nom. Keig v. Harris*

---

1. In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co., et al.,* —— U.S. ——, 102 S.Ct. 2858, 2876 n. 31, 73 L.Ed.2d 598 (1982), the Supreme Court noted and distinguished the jurisdiction which the referee in bankruptcy enjoyed by consent under the prior law from the jurisdiction conferred by the Bankruptcy Reform Act of 1978, which it held unconstitutional.

*Trust & Savings Bank,* 305 U.S. 658, 59 S.Ct. 357, 83 L.Ed. 426 (1939). Regarding jurisdiction by consent, *Collier's* adds:

"Once consent to the summary jurisdiction of the bankruptcy court appears, that jurisdiction generally will be retained for the determination of all the claims of the parties and for the enforcement of all their rights against each other. Consent having been given, it may not subsequently be withdrawn by a party; nor may the party, upon appeal from the decision, raise the question of want of jurisdiction." (Footnotes omitted.) 2 *Collier on Bankruptcy* ¶ 23.08, at 536 (14th ed. 1976).

By force of § 2a(7) of the Bankruptcy Act (former 11 U.S.C. § 11a(7)), and Bankruptcy Rule 915(a), an adverse party is deemed to have consented to the jurisdiction of a bankruptcy court where he does not interpose an objection to such jurisdiction by motion or answer.[2]

As already noted, Atlas raised no objection to jurisdiction until now.

It is true that Rule 915(a) is subject to Rule 928, which provides that it cannot extend the bankruptcy court's jurisdiction over subject matter. But, as the Second Circuit noted in *Law Research, Inc. v. Crook, supra,* at 312–13 n. 19, the cases applying this principle demonstrate its "limited character." By virtue of 11 U.S.C. § 11a(7), the bankruptcy court is given jurisdiction at law and equity to "cause the estates of bankrupts to be collected" and to determine controversies in relation thereto. This language embraces the subject matter of the present proceeding. Since the Court had subject matter jurisdiction, it was free to proceed, once Atlas consented, to determine the issues.

█ There remains, however, the effect of confirmation of the plan on the Court's jurisdiction. Section 368 of the Bankruptcy Act provides that "[t]he court shall retain jurisdiction if so provided in the arrangement." Former 11 U.S.C. § 768. Both in the plan of arrangement, and in the order confirming the plan, this Court explicitly retained jurisdiction of all pending adversary proceedings. This was not a retention of all jurisdiction which the Court possessed before confirmation, nor was the Court exerting jurisdiction over new matters occurring subsequent to confirmation. All the Court was doing was retaining its existing jurisdiction to decide the present controversy. What it did is squarely authorized by § 368.

The Court has carefully examined the authorities relied on by Atlas in support of its contention that confirmation ended the Court's jurisdiction over this proceeding. In not one, are the facts similar to those present here. Moreover, the strict limitations they would read into the bankruptcy court's jurisdiction post-confirmation are neither consistent with the plain meaning of the statute itself (*i.e.,* § 368), nor with the "tendency of judicial interpretation of the Act * * * in the direction of progressive liberalization in respect of the operation of the bankruptcy power so as to meet the challenge of present day economic and business conditions." *Law Research, Inc. v. Crook, supra,* 524 F.2d at 314, *quoting In re International Power Securities Corp.,* 170 F.2d 399, 402 (3d Cir.1948).

In *Law Research, Inc. v. Crook, supra,* the Second Circuit held that even though the order of confirmation had not provided for the retention of jurisdiction, confirmation did not leave "the bankruptcy court powerless to discharge duties it had properly assumed" with respect to a fund in its possession. 525 F.2d at 315. There is no more reason where jurisdiction rests on consent, rather than on possession of a fund, why confirmation should have a different, or greater, effect, particularly where jurisdiction was explicitly retained.

---

**2.** Bankruptcy Rule 915(a) reads as follows:

"*Waiver of objection to jurisdiction.*

"Except as provided in Rule 112 and subject to Rule 928, a party waives objection to jurisdiction of an adversary proceeding or a contest-ed matter and thereby consents to such jurisdiction if he does not make objection by a timely motion or answer, whichever is first served."

' 11 U.S.C. § 11a(7) contains similar language.

For the foregoing reasons, the motion to dismiss is denied.

SO ORDERED.