**In the Matter of HUDSON FEATHER & DOWN PRODUCTS, INC., Debtor.**

**HUDSON FEATHER & DOWN PRODUCTS, INC., Debtor in Possession, Plaintiff,**

v.

**ATLAS FEATHER CORP. and Hillsboro Sleep Products, Inc., Defendants.**

**No. 82 CV 4143 (ERN).**

United States District Court, E.D. New York.

Jan. 10, 1984.

---

Finkel, Goldstein & Berzow by Harold S. Berzow, New York City, for appellee, Hudson Feather & Down Products, Inc.

Bailey & Marshall by Mitchell M. Bailey, New York City, for appellant, Atlas Feather Corp.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This appeal arises from an order of the bankruptcy court which denied Atlas Feather Corporation's (appellant) motion to dismiss a claim brought by the debtor in possession during the pendency of a corporate reorganization. *In re Hudson Feather & Down Products, Inc.*, 24 B.R. 843 (Bkrtcy.E.D.N.Y.1982). The facts are stated therein.

Essentially appellant contends that once the plan of reorganization is complete, the bankruptcy court's subject matter jurisdiction over unresolved pendent State claims terminates; and it terminates regardless of the terms of the settlement order:

"No objection is made by Atlas at this time to the fact that the Bankruptcy Court had initially assumed jurisdiction of the adversary proceeding. That was a matter entirely within the discretion of the Court. However, there is a clear distinction between an original 'assumption' of jurisdiction and a subsequent 're-tention' of jurisdiction. It is to this retention of jurisdiction that the defendant Atlas has made objection." Appellant's Brief at 4.

The reorganization plan, confirmed April 6, 1981, contains the following provision:

"The court shall retain jurisdiction ... (b) with respect to any adversary pro-ceeding pending at the time of confirmation...." Respondent's Brief at 4.

The complaint in the adversary proceeding was filed on August 31, 1979; thus at the time of confirmation appellant should have been aware of this provision and its potential effect on the lawsuit. Perhaps relying upon the adage about sleeping dogs, appellant sat on its purportedly jurisdictional defense until using it in response to plaintiff's discovery efforts.

Appellant concedes that the bankruptcy court had discretion to exercise jurisdiction over the adversary proceeding at the outset. Appellant's Brief at 10. It relies on assertedly settled law that completion of the plan of reorganization divested the bankruptcy court of jurisdiction to entertain matters not related to the successful completion and/or integrity of the plan or arising from the reorganization itself. The record contains nothing about whether the instant suit was intended to be part of the bankruptcy, although the bankruptcy court has found that the outcome will not affect the reorganization. 24 B.R. at 844. As a result, the Court faces a unique paradox. Had the bankruptcy court forced the adversary proceeding to resolution prior to confirmation of the reorganization plan, it would have acted within its discretion; and all the more so because the recovery would conceivably have been available to the creditors. See 11 U.S.C. 11(a)(7) (repealed). Inasmuch as the plaintiff's creditors are not involved, the Court need not speculate upon plaintiff's motives for having delayed prosecution of this claim; but it must inquire why the bankruptcy court cannot adjudicate after the confirmation what it could have adjudicated before the confirmation.

The cases cited by appellant do not explain how or why the confirmation divested the bankruptcy court of jurisdiction in this case. To the contrary, *In re East Boston Coal Co.*, 47 F.Supp. 593 (M.D.Pa.1942), supports the retention of jurisdiction:

"However, there is nothing in the Bankruptcy Act to indicate that the Court retains jurisdiction of the debtor for the purpose of disposing of any controversy

which might arise between the debtor and third parties *relating to matters other than the plan of reorganization." Id.* at 594 (emphasis added).

*Accord North American Car Corp. v. Peerless Weighing & Vending Machine Corp.,* 143 F.2d 938, 940 (2d Cir.1944) ("Nevertheless, the court must retain some jurisdiction after confirmation of a plan to see that it is consummated. We have, therefore, pointed out the existence of such complementary and auxiliary jurisdiction of the court to protect its original confirmation decree, prevent interference with the execution of the plan, and otherwise aid in its operation."); *Clinton Trust Co. v. John H. Elliott Leather Co.,* 132 F.2d 299, 303 (2d Cir.1942) (same); *In re J.T. Gerken Trucking, Inc.,* 10 B.R. 203, 204 (Bkrtcy.N.D.Ohio 1981) (same). As noted above, one of the provisions of the plan of reorganization was retention of jurisdiction over this lawsuit.

Appellant's observation that the plan is complete is irrelevant inasmuch as appellant actually seeks a modification of the reorganization order:[1]

> "In the instant proceedings and under the present circumstances, it is especially clear that the adversary proceeding should be dismissed and, to the extent necessary, the plan of arrangement should be *modified* to divest the Court of its originally retained jurisdiction. If the Court should do otherwise, 'it would smack of the tail wagging the dog to continue with a federal hearing of the state claim.' *McFadden [McFaddin] Express, Inc. v. Adley Corp.,* 346 F.2d 424, at 427 (2d Cir.1965)." Appellant's Brief at 11 (emphasis added).

This modification is premised upon repealed 11 U.S.C. § 757 (in pertinent part):

> "An arrangement within the meaning of this chapter may include—... (7) provisions for retention of jurisdiction by the

court until provisions of the arrangement, after its confirmation, have been performed; and (8) any other appropriate provisions not inconsistent with this chapter."

Appellant asserts that once the plan is confirmed and the arrangement consummated, retention of jurisdiction of an adversary proceeding is a provision inconsistent with the chapter, *i.e.,* subdivision 7 quoted above. It is, however, perfectly consistent with repealed 11 U.S.C. § 768:

> "The court shall retain jurisdiction, if so provided in the arrangement."

This "apparent" inconsistency derives from appellant's implicit assumption that if the plan for reorganization does not include a provision tailored to § 757(7), it may not include any provision at all for the retention of jurisdiction over an adversary proceeding. The statute, however, contains the word "may", which ordinarily grants discretion; thus, subdivision 7 is an option, but hardly the only option for treating pending adversary proceedings in light of § 768. Additionally, appellant's restrictive interpretation of these statutory provisions has been rejected. *In re J.M. Fields, Inc.,* 26 B.R. 852 (Bkrtcy.S.D.N.Y.1983); *see In re Pittsburgh Terminal Coal Corp.,* 183 F.2d 520, 522 (3d Cir.1950) ("Whether when a debtor corporation has been reorganized, the jurisdiction of the bankruptcy court is concluded depends upon the 'provisions of the plan as confirmed and reservations, not inconsistent therewith, contained in the order of confirmation.'" (citations omitted)), *cert. denied sub nom. Pittsburgh Terminal Realization Corp. v. Heiner,* 340 U.S. 904, 71 S.Ct. 280, 95 L.Ed. 654 (1950); *In re Tilco, Inc.,* 558 F.2d 1369, 1372 (10th Cir.1977) ("Reorganization courts have been permitted to retain jurisdiction after transfer of assets to assure the consummation of the approved plan. (citations omitted).").[2]

---

1. Plaintiff's papers in the bankruptcy court aver that appellant was a creditor, a matter not addressed by appellant. If this averment is true, appellant should have had notice of the provision; yet it never objected.

2. Appellant also refers to authority concerning the rules of pendent jurisdiction. The exercise of such jurisdiction by federal courts is discretionary. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). On appeal appellant does not suggest that the bankruptcy court should have

There being no merit to appellant's argument, the order of the bankruptcy court is affirmed.[3]

SO ORDERED.

transferred the adversary proceeding to this court pursuant to Bankr.R.P. 915(b), although it recognized that possibility below:

"In the absence of diversity of citizenship, it is urged that there is no basis not only for the Bankruptcy Court to retain jurisdiction, *but also no basis to remand the case to the District Court.*" Affidavit of attorney Mitchell Bailey, para. 15, in support of appellant's motion (emphasis added).

Even if such a transfer were accomplished by order of this court on this appeal, a dismissal of the pendent claim would not be automatic; especially, where, as here, the federal claim, the bankruptcy, was disposed of successfully. *Cf. United Mine Workers v. Gibbs, supra* ("Certainly, if the federal claims are [not] dismissed before trial, . . . the state claims should [not] be

dismissed as well."). In this respect, appellant's purported challenge to the existence of federal subject matter jurisdiction actually seeks to avoid a ruling that the adversary proceeding is in the wrong federal court. This issue was not raised in the bankruptcy court, and consequently, will not be disposed of here.

3. Because the Court finds an alternative valid basis for jurisdiction in the bankruptcy court, it need not consider the issue of whether appellant consented to bankruptcy jurisdiction. *See In re Prima Co.,* 98 F.2d 952, 959 (7th Cir.1938), *cert. denied sub nom. Keig v. Harris Trust & Savings Bank,* 305 U.S. 658, 59 S.Ct. 358, 83 L.Ed. 426 (1939); *Matter of Smith,* 14 B.R. 712, 719 (Bkrtcy.N.D.Ga.1981).