**In re BARKER MEDICAL COMPANY, INC., Debtor.**

**Bankruptcy No. 84–00686.**

United States Bankruptcy Court, M.D. Alabama, E.D.

Aug. 23, 1985.

Lee R. Benton, Najjar, Denaburg, Schoel, Meyerson, Ogle & Zarzaur, Birmingham, Ala., for Southern Medical Equipment Corp.

John V. Denson, Samford, Denson, Horsley, Pettey, Martin & Barrett, Opelika, Ala., for East Alabama Medical Center.

Jacob Walker, Jr., Walker, Hill, Adams, Umbach, Herndon & Dean, Opelika, Ala., for Dorothea C. Delamar.

Charles C. Carter, Araguel, Carter, Frandsen, Smith & Wadkins, P.C., Columbus, Ga., Coleman Yarbrough, Jones, Murray, Stewart & Yarbrough, P.C., Montgomery, Ala., for contestant/debtor.

## ORDER ON APPLICATIONS OF THREE CREDITORS TO ALLOW AND PAY ADMINISTRATIVE EXPENSES

A. POPE GORDON, Bankruptcy Judge.

The creditors, East Alabama Medical Center, Southern Medical Equipment Cor-

poration, and Dorothea C. DeLamar, each filed a motion[1] in this case. The three motions request the same kind of relief. The motions were consolidated for hearing and a hearing was held August 21, 1985. This is the order on all three motions.

The creditors requested two kinds of relief: (1) that costs taxed against the debtor in a case in the United States District Court for this district be allowed as administrative expenses in this Chapter 11 case in the United States Bankruptcy Court; and (2) that the costs taxed against the debtor be ordered paid.

The facts are straightforward and undisputed. The case in this court was commenced under Chapter 11 of Title 11 of the United States Code. On March 14, 1985, a plan of reorganization filed by the debtor was confirmed.

Sometime before confirmation of the plan, the debtor filed an action against these creditors in the District Court. The creditors prevailed in the case and on June 27, 1985, obtained a summary judgment against the debtor. On July 30, 1985, costs of the case were taxed against the debtor. Additional costs were taxed August 16, 1985.

The exact dates of confirmation of the plan, summary judgment and taxation of costs are only important to show that the debtor first became liable for payment of the costs upon award of the summary judgment and taxation of costs and *after* confirmation of the plan.

Under these facts the relief sought cannot be granted.

### The Costs as an Administrative Expense

■ Administration of the estate ended with confirmation of the plan. The costs were not incurred by the estate, but were incurred by the debtor after discharge and after confirmation at a time when no estate existed. The confirmation of the plan vested all of the property of the estate in the debtor in this case. By definition, the costs cannot be administrative expenses. See 11 U.S.C. § 1141(b) and (d)(1). See also *In re Westholt Manufacturing, Inc.*, 20 B.R. 368, 6 C.B.C.2d 1068 (Bankruptcy, D.Kansas, 1982); *U.S. v. Redmond*, 36 B.R. 932, 10 C.B.C.2d 1428 (D.C., Kansas, 1984).

### Ordering Payment of the Costs

Even if the costs were an administrative expense, it is doubtful that this court has the power to order the costs paid. Presumably, these creditors meant to ask that the debtor himself be ordered to pay, although the motions did not say so. Also, the motions did not point out a source from which the court could order payment, and it does not appear that such a source exists.

■ There is no estate trust fund here, as in an asset case under Chapter 7, from which to order payment. In a Chapter 11 case, the debtor owns his property after confirmation. The debtor's property is not subject to trustee or court control. If the debtor fails to carry out the confirmed plan, this court may or may not even have jurisdiction to grant relief. See *In re Ernst and R.C.E. Corporation*, 45 B.R. 700, 12 C.B.C.2d 305 (D.Minn.1985).

■ The debtor, however, is bound to use his property and resources to carry out the confirmed plan. 11 U.S.C. § 1141(a). If he fails to do so, creditor relief is available in the appropriate forum. If he fails to pay debts incurred after confirmation outside the plan, such relief is also available.

■ The future income of a debtor in a Chapter 11 case, quite unlike a Chapter 13 case (see 11 U.S.C. § 1322(a)(1), is not subject to the supervision and control of a trustee or the court. The court in a Chapter 11 case does not even supervise carry-

1. Each pleading is denominated an "application", but will be treated herein as a motion. Practice in this court is by motion. See Rule 9013 of the Federal Rules of Bankruptcy Procedure. If the pleadings were applications for reimbursement of expenses out of the estate of the debtor under Rule 2016(a), the requested relief should be denied summarily, since, as will be seen later, no such estate exists.

ing out the plan, much less seeing that debts incurred after confirmation are paid. Since the law vests property in the debtor following confirmation, the court cannot have a supervisory role in the execution of a Chapter 11 plan or in the payment of a debtor's post-confirmation debts.

The denial of these motions obviously does not foreclose collection of the costs from the debtor, but the relief requested in this court is not appropriate and is not available to these creditors.

Accordingly, the motions are hereby DE-NIED.