**In the Matter of IBERIS INTERNATIONAL, INC., Debtor.**

**Bankruptcy Nos. MM11-84-00212, MM7-86-00953.**

United States Bankruptcy Court, W.D. Wisconsin.

July 30, 1986.

---

Roger G. Schnitzler, Madison, Wis., for Northern Plastics, Inc.

Jerome M. Ott, Madison, Wis., for Iberis Intern.

Patricia Gibeault, Madison, Wis., trustee.

David Walsh, Madison, Wis., for Dome Exchange.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROBERT D. MARTIN, Chief Judge.

This matter was heard June 17, 1986, on the motion of Northern Plastics, Inc. to convert this case to one under chapter 7. Roger G. Schnitzler appeared for Northern Plastics, Inc.; Jerome M. Ott appeared for Iberis International, Inc.; Patricia Gibeault, trustee; and David Walsh appeared for Dome Exchange.

### FINDINGS OF FACT

1. The debtor, which is in the business of marketing plastic houseware and office products originally filed for relief under chapter 11 of the Bankruptcy Code on February 7, 1984. On December 11, 1985, the debtor's plan of reorganization was confirmed.

2. On October 31, 1984, Northern Plastics, Inc. ("Northern") purchased three in-

jection molding machines from the debtor. This sale was approved by this court on February 1, 1985. As part of the consideration for the sale, the debtor entered into a licensing agreement which provided that Northern Plastics would provide the debtor with custom injection molding (mugs, glasses, serving and filing trays). In the event the debtor became more than $40,000.00 overdue on its account, the debtor agreed to pledge invoices at 100% of the invoice value. Northern failed to perfect its interest in the debtor's accounts receivables.

3. Article VI of the confirmed plan provided for the assumption of this contract. Article VII of the plan provided that the court would retain jurisdiction over the debtor, its property, and all claimants provided for in the plan. Article VIII provided that if the debtor was unable to comply with the plan's payment schedule, the creditors' committee would be able to petition the court to convert the case to a chapter 7 proceeding. The creditors' committee, which did not include Northern, was appointed February 9, 1984, by an order of this court and included the seven largest unsecured creditors.

4. The debtor has been unable to meet the requirements of the plan and on April 18, 1986, it filed a voluntary chapter 7 petition. At that time, the debtor owed Northern $243,000.00. On June 17, 1986, after appropriate notice, hearings were held on two motions brought by Northern: (1) to convert the chapter 11 case, MM11–84–00212, to chapter 7 under 11 U.S.C. § 1112(b), and (2) to dismiss the debtor's chapter 7 filing, MM7–86–00953, under 11 U.S.C. § 305. The debtor opposed both motions.

## CONCLUSIONS OF LAW

1. Assumption of an executory contract in a chapter 11 plan does not confer jurisdiction on the bankruptcy court to hear post-confirmation controversies surrounding subsequent breaches of that contract. *In re J.T. · Gerken Trucking, Inc.,* 10 B.R. 203, 205 (Bankr.N.D.Ohio 1981). "A confirming court's jurisdiction is limited to matters concerning the operation of the plan." *Id.* at 204. *See also North American Car Corporation v. Peerless Weighing and Vending Machine Corp.,* 143 F.2d 938, 940 (2nd Cir.1944). However, this court has jurisdiction over this controversy on several bases. First, this case squarely falls within the language of section 1112(b).[1] As a creditor, Northern Plastics is a party in interest. 11 U.S.C. § 101(9), § 1109(b). "Section 1109(b) must be construed broadly to permit parties affected by a chapter 11 case to appear and be heard." 5 *Collier on Bankruptcy* ¶ 1109.02, at 1109–24 (15th ed. 1986). Second, the plan specifically provided that this court would maintain jurisdiction over the debtor, its property, "and all claimants provided for in the plan for the purposes of implementing and consummating the plan." (Debtor's confirmed plan Article VII.[2])

---

1. 11 U.S.C. § 1112(b) provides:
   (b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
   (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
   (2) inability to effectuate a plan;
   (3) unreasonable delay by the debtor that is prejudicial to creditors;
   (4) failure to propose a plan under section 1121 of this title within any time fixed by the court;
   (5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;
   (6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;
   (7) inability to effectuate substantial consummation of a confirmed plan;
   (8) material default by the debtor with respect to a confirmed plan; or
   (9) termination of a plan by reason of the occurrence of a condition specified in the plan.

2. *See Prudential Ins. Co. of America v. Colony Square Co.,* 29 B.R. 432 (W.D.Pa.1983), *appeal d'md,* 725 F.2d 669 (3rd Cir.1983), *cross appeal d'md sub nom., Appeal of Colony Square,* 725 F.2d 666 (3rd Cir.1983), *transferred to Prudential Ins. Co. of America v. Colony Square Co.,* 40

Third, a bankruptcy court retains jurisdiction over the debtor after the confirmation for the limited purpose of insuring that the provisions of the plan of reorganization are carried out. *See* 11 U.S.C. § 1142(b). *See also North American, supra; Gerken, supra.*

2. Debtor's inability to fulfill the requirements of the confirmed plan is adequate grounds for this court to convert this case to a chapter 7 proceeding on the motion of Northern Plastics. 11 U.S.C. § 1112(b)(7).

3. With the exceptions noted in section 348(b) and (c), when a case is converted to a case under chapter 7, the filing date will be that of the original chapter 11 case. 11 U.S.C. § 348(a). "In other words ... the filing of the petition, commencement of the case, and order for relief in a Chapter 7 case which has been converted from a case under Chapter 11 are all deemed to have occurred on the same date upon which those events occurred in the original Chapter 11 case." *In Re Langholf,* 37 B.R. 414, 419 (Bankr.N.D.Ill.1984).

4. Section 348(d) preserves the priority of any section 503(b) administrative expense claim that arose under the chapter 11 case before its conversion subject to the superpriority granted in section 726(b) for administrative claims arising under the new chapter 7 case.

> The development of this priority position, albeit a secondary one, suggests that the appropriate way to handle the problem of unpaid Chapter 11 administrative expenses is to shift these to the Chapter 7 case to be paid according to this priority position.

*In re Kaleidoscope of High Point, Inc.,* 56 B.R. 562, 565 (Bankr.M.D.N.C.1986). Any claim Northern Plastics had for pre-confirmation administrative expenses would have to meet the strict standard of an "actual and necessary" expense of preserving the estate as discussed by this court in *In re Patch Graphics,* 58 B.R. 743 (Bankr.W.D. Wis.1986) and *In re Combined Crofts Corp.,* 54 B.R. 294 (Bankr.W.D.Wis.1985).[3] On the other hand, if conversion were not granted and the debtor were permitted to proceed under its recent chapter 7 filing, Northern Plastics and other creditors would lose the opportunity to claim administrative expense status for any unpaid claims from the chapter 11 case.

5. There is some authority for the strict enforcement of conversion clauses in reorganization plans:

> Although conversion under section 1112(b) is discretionary rather than mandatory, if the debtor's plan specifically provides that upon the occurrence of a default or the occurrence subsequent to confirmation of a specified condition, the debtor shall consent to liquidation under chapter 7, such provisions should be strictly enforced. As the Second Circuit noted in the *Clinton Trust* case:
>
> '[A] plan devised to lead to an orderly liquidation as a major purpose is different from a plan devised to restore a debtor to active business, with liquidation merely a penalty for any default at any time over the long period during which debts are payable. Here, however, all such questions are set at rest because the debtor actually joined in the request for this relief and all parties in interest have accepted it and do not now challenge it. Nor are they in a position to do so; parties who have invoked or accepted the jurisdiction of the bankruptcy court to determine their claims to the debtor's assets may not thereafter attempt to challenge that jurisdiction.'

5 *Collier on Bankruptcy* ¶ 1112.03 at 1112–23 (15th ed. 1986) citing *Clinton Trust Co. v. John H. Elliott Leather Co.,* 132 F.2d 299, 304 (2nd Cir.1942).

---

B.R. 603 (Bankr.N.D.Ga.1984), *aff'd sub nom. In re Colony Square Co.,* 62 B.R. 48 (N.D.Ga.1985). *See also In re Hudson Feather & Down Products, Inc.,* 36 B.R. 466 (E.D.N.Y.1984).

**3.** Any claim for post-confirmation pre-conversion expenses for preserving the estate would be precluded by the fact that the estate ended upon confirmation of the plan when the property revested in the debtor. (Debtor's confirmed plan, Art. IV, ¶ 1; Art. VI, ¶ 4) *See In re Frank Meador Buick, Inc.,* 59 B.R. 787 (Bankr.W.D.Va. 1986); *In re Barker Medical Co., Inc.,* 55 B.R. 435 (Bankr.M.D.Ala.1985); *In re Westholt Mfg., Inc.,* 20 B.R. 368 (Bankr.D.Kan.1982), *aff'd U.S. v. Redmond,* 36 B.R. 932 (D.Kan.1984).

6. Conversion of the original case to one under chapter 7 is in the best interests of creditors and appropriate under the circumstances of this case. The conversion is effective as of the effective date of this order. *See* 11 U.S.C. § 348, Bankruptcy Rule 1019. The debtor shall comply with Bankruptcy Rule 1019(6) and file the appropriate schedules within thirty days of the entry of this order. Written notice shall be provided to post-confirmation pre-conversion creditors so that they may file their claims within sixty days of the entry of today's order pursuant to Bankruptcy Rule 1019(7). Any claim filed under the previous chapter 7 case, MM7–86–00953, shall be deemed to have been filed under the newly converted chapter 7 case, MM7–84–00212.

7. For this court to simultaneously entertain two chapter 7 cases regarding the same debtor and essentially the same debts would be a waste of the court's and the debtor's limited resources. "Over the years, there has been a truism in bankruptcy circles that a debtor cannot have two bankruptcy cases pending at the same time...." *In Re Tauscher*, 26 B.R. 99, 101 (Bankr.E.D.Wis.1982). "It is generally accepted that the pendency of one bankruptcy case precludes a consideration of a second case filed by the same debtor(s) and involving the same debts." *In re Wead*, 38 B.R. 658, 659 (Bankr.E.D.Mo.1984) citing *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925). "[T]he law will not tolerate two suits at the same time for the same cause." *Id.* at 123, 46 S.Ct. at 42. *See Prudential, supra*, 29 B.R. at 437 ("The Supreme Court's decision in *Freshman* mandates that when a bankruptcy action is pending, a bankruptcy court cannot entertain or consider a second petition involving the same debts."). *See also In re Northampton Corp.*, 59 B.R. 963 (Bankr.E.D.Pa.1984).

Dismissal of the earlier chapter 7 petition filed by the debtor is in the best interests of all parties as required by section 305(a)(1) of the Bankruptcy Code. It is in the best interests of the debtor because more debt will be dealt with under today's conversion order than would have been administered under the order for relief filed last April pursuant to the debtor's chapter

7 petition. *See* 11 U.S.C. § 348(d). It is also in the best interests of creditors since some may have administrative expense claims for pre-confirmation loans under the converted chapter 7 case which they would be unable to assert under the debtor's chapter 7 filing. *Id.* Furthermore, under Bankruptcy Rule 1019(7) creditors have an additional sixty days from the entry of the conversion order in which to file their claims.

### ORDER

Bankruptcy No. MM11–84–00212

The court having this day entered its findings of fact and conclusions of law in the above-styled matter,

IT IS HEREBY ORDERED that the motion of the plaintiff for conversion of this case to a chapter 7 proceeding pursuant to 11 U.S.C. § 1112(b) is granted.

IT IS FURTHER ORDERED that any claims filed under case number MM7–86–00953 shall be deemed to have been filed under the newly converted case, MM7–84–00212.

IT IS FURTHER ORDERED that the other pending chapter 7 case pertaining to this debtor, case number MM7–86–00953 filed April 18, 1986, shall be dismissed.